UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MARVIN STEAN, JR, <br><br> Plaintiff, <br><br> v. <br><br> BELLINGHAM POLICE DEPARTMENT; KEVIN BEAN; DANTE ALEXANDER; ANDREW WASSEL, <br><br> Defendants. | CASE NO. 2:24-cv-01209-JNW <br><br> ORDER |

Pro se Plaintiff Andrew Marvin Stean, Jr., brings two discovery-related motions: one seeking to compel Defendants to produce specified video evidence, Dkt. No. 26; and one seeking to extend the time for Stean to respond to Defendants' discovery requests, Dkt. No. 25.

Before moving to compel discovery, parties must first meet and discuss their dispute to try to resolve it without the Court's help. *See* Local Civil Rule 37(a). The relevant rule reads in part:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the

ORDER - 1

person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37(a)(1) ("Meet and Confer Requirement.").

Stean's motion to compel lacks a meet-and-confer certification. *See* Dkt. No. 26. According to Defense Counsel, "Stean never asked… [for] a meet-and-confer conference in person or over the telephone regarding a discovery dispute." Dkt. No. 28 ¶ 6. The Court will not consider a motion to compel on the merits if the moving party has not made, and certified, a good-faith effort to meet and confer.

Defense Counsel adds that Stean never filed a proper request for production under Fed. R. Civ. P. 34. *Id.* ¶ 4. Instead, Stean pointed to the January 29, 2025, Joint Status Report (JSR) as "fulfill[ing] the requirements of FRCP 34." *Id.* at 10. But the JSR is not a request for production. As the Court explained in its previous Order, "[t]o the extent Stean is seeking discovery from Defendants—that is, if he seeks to compel Defendants to produce the allegedly unedited video footage that was filed in state court—he must first serve Defendants with a request for production . . . . If Defendants object to any such request or do not otherwise comply, then—and only then—may Stean move to compel under the local and federal procedural rules." Dkt. No. 23 at 2 (citing applicable rules).

On these bases, Stean's motion to compel is DENIED WITHOUT PREJUDICE. Dkt. No. 26. Since the Court denies this motion *without* prejudice, Stean can file his motions to compel again if, and only if, (1) he properly serves

ORDER - 2

Defendants with requests for production or other discovery requests; (2) Defendants object or do not otherwise respond; (3) he tries to resolve the dispute through a good-faith discussion with Defendants; and (4) the parties cannot reach agreement about the dispute. Only then will the Court consider Stean's motion on the merits.

Stean also moves for more time to respond to Defendants' discovery requests. Dkt. No. 25. Deadline extensions for discovery responses are commonly given as a matter of professional courtesy. Parties should only seek court involvement in disputes over discovery deadlines after they have attempted—in good faith—to agree on a discovery timeline and that attempt has failed. Here, Defense Counsel informed Stean that Defendants "do not object to giving [Stean] until March 30 to respond to the City's discovery requests"; that "[t]he Court does not want to be involved in the scheduling of discovery unless [the Parties] cannot agree"; and that "if [Stean] needs more time in the future, [he should] please reach out to [Defense Counsel] directly." Dkt. No. 28 at 11. In other words, Stean's request for Court involvement is unwarranted. Because Stean did not try to obtain an extension through a good-faith meet-and-confer conference—and because Defendants, in any case, agreed to extend Stean's discovery deadline—the Court DENIES Stean's motion for an extension of time. Dkt. No. 25.

It is so ORDERED.

Dated this 6th day of March 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3