UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MARVIN STEAN, JR, <br><br> Plaintiff, <br><br> v. <br><br> BELLINGHAM POLICE DEPARTMENT; KEVIN BEAN; DANTE ALEXANDER; ANDREW WASSEL, <br><br> Defendants. | CASE NO. 2:24-cv-01209-JNW <br><br> ORDER |

At 10:00 a.m. PST on July 11, 2025, the Court held a hearing to resolve all pending motions in this case. Dkt. No. 62. Pro se Plaintiff Andrew Marvin Stean, Jr. did not appear, and the Court issued rulings on the record in his absence. *See id.* Stean now moves for reconsideration of those rulings. Dkt. No. 63.

"Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*,

ORDER - 1

179 F.3d 656, 665 (9th Cir.1999)). "Whether… to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Stean asserts that he was "excluded or unable to join [the hearing], then informed post-facto that the hearing was 'concluded.'" Dkt. No. 63. This assertion neglects the fact that the Courtroom Deputy shared the Zoom link for the hearing with Stean twice: first on July 3, when the parties were invited to attend; then at 10:01 a.m. PST on July 11, when Stean failed to timely appear. Stean personally replied to the latter message at 10:27 a.m. on July 11, after the hearing had ended, stating: "I was having problems with the app, but I'm on it now waiting[.]" While the Court credits Stean's assertion that technological difficulties prevented his attendance at the hearing, he was in no way "excluded."

Stean also argues that the Court erred by holding the hearing without addressing his filing at Dkt. No. 60, objecting to the appearance of defense counsel based on the Court's Notice of Filing Deficiency at Dkt. No. 58. But Stean's filing at Dkt. No. 60 was not a procedurally proper motion necessitating judicial resolution. Moreover, his "objection" lacks merit. Attorney Karen M. Phillips, who appeared on behalf of Defendants at the July 11 hearing, properly noticed her appearance and was not subject to the Notice of Filing Deficiency at Dkt. No. 58.

In short, Stean's motion for reconsideration does not address the reasoning behind the Court's rulings and cites no newly discovered evidence, clear error, or change in law. If Stean wishes to understand the rulings issued on the record in his absence, he may choose to file a Transcript Order Form with the Court, available at

https://www.wawd.uscourts.gov/sites/wawd/files/TranscriptOrderForm.pdf. Stean's motion for reconsideration is DENIED. Dkt. No. 63.

Dated this 17th day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3