UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MARVIN STEAN, JR, <br><br> Plaintiff, <br><br> v. <br><br> BELLINGHAM POLICE DEPARTMENT; KEVIN BEAN; DANTE ALEXANDER; ANDREW WASSEL, <br><br> Defendants. | CASE NO. 2:24-cv-01209-JNW <br><br> ORDER DENYING MOTION FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Sanction of Dismissal, Dkt. No. 71, and Plaintiff's Motion for Protective Order, Dkt. No. 75. Having reviewed the motions, the responses, Dkt. Nos. 77, 78, the reply, Dkt. No. 79, the relevant record, and all supporting materials, the Court DENIES the motions.

## 2. BACKGROUND

The underlying dispute involves a confrontation between Plaintiff Andrew Marvin Stean Jr. and two Bellingham police officers, Defendants Kevin Bean and

Andrew Wassel. Plaintiff alleges the officers approached him while he was outside his apartment where they "targeted and harassed [him] for over an hour" in violation of various constitutional rights. On August 7, 2024, Plaintiff sued Bean, Wassel, their supervisor Dante Alexander, and the Bellingham Police Department.

On October 25, 2024, Michael Good appeared on behalf of Defendants as counsel. Dkt. No. 8. The Court issued a scheduling order for the case, which set the discovery deadline for October 10, 2025. Dkt. No. 24.

Plaintiff's first deposition was scheduled for September 4, 2025. *See* Dkt. No. 72 ¶¶ 10–11, Ex. C. In the days leading up to the examination, Plaintiff served Defendants with a pair of filings stating his intent to not appear for his deposition. *See* Dkt. No. 72 ¶ 12–13. First, in a "Notice Preserving Objection to Deposition," he notified Defendants that he would not "recognize or participate in any discovery demands issued by individuals whose authority to appear" was contested by a then-pending motion. Dkt. No. 68. Second, he served Defendants with a Motion for Protective Order asking the Court to "stay any deposition or discovery obligations related to this case," until the pending issue of whether Defendant's counsel had properly appeared was resolved. Dkt. No. 69.[1] Plaintiff did not appear for his September 4, 2025, deposition, nor did he respond to Defendant's counsel's emails on the subject. Dkt. No. 72 ¶¶ 14–15.

---

[1] This issue was resolved in the Court's September 9, 2025, Order Denying Plaintiff's Motion to Strike and Denying as Moot Plaintiff's Motion for Protective Order. Dkt. No. 70.

ORDER DENYING MOTION FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER - 2

In response to Plaintiff's failure to appear, Defendants filed their Motion for Sanctions of Dismissal on September 9, 2025. Dkt. No. 71. While the motion was pending, Defendants again attempted to schedule Plaintiff's deposition, which was noted for September 25, 2025. Dkt. No. 80 ¶ 4. On September 10, 2025, well before the examination took place, Plaintiff filed a Motion for Protective Order. Dkt. No. 75. He did not appear for his September 25, 2025, deposition, nor did he respond to Defendant's counsel's emails on the subject. Dkt. No. 80 ¶¶ 5–6.

### 3.   DISCUSSION

#### 3.1   Plaintiff's requested protective order is not supported by the deadlines set in this case.

Plaintiff's second protective order asks the Court to "stay[ ] any enforcement of discovery in this case" because "[t]he Court's Order Setting Trial and Related Dates set the discovery deadline as April 12, 2025," and thus, that he should not be required to sit for an untimely deposition. Dkt. No. 75. Plaintiff is mistaken. The Court's scheduling order clearly states that all discovery in this case should be completed by October 10, 2025. Dkt. No. 24. This date is consistent with the language of the order itself, *see id.* at 2, and also on the docket text accompanying the order's entry on the CM/ECF docket. Plaintiff's presumed April 12, 2025, discovery deadline is not supported by the record. Accordingly, his motion is DENIED. Dkt. No. 75.

#### 3.2   Defendants' motion for the sanction of dismissal is denied.

Rule 37(d)(1)(A) states that a district court may impose sanctions when a party fails to appear for their deposition. Under Federal Rules of Civil Procedure 37,

discovery sanctions may include staying the procedure, striking pleadings, or in severe cases, dismissing the action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). "Dismissal, however, is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotations omitted). The court has wide discretion to determine whether and which sanctions are appropriate for a given violation. Fed. R. Civ. P. 37(b)(2)(A).

Defendants argue that by failing to appear at two scheduled depositions, Plaintiff has "refus[ed] to participate in discovery," which warrants the serious sanction of dismissal. Dkt. Nos. 71, 79. While the record reveals that Plaintiff's behavior—particularly his failure to communicate with Defendants about his attendance—is concerning, dispositive sanctions are not warranted at this time. Indeed, Plaintiff's failure to act is excusable under the Federal Rules of Civil Procedure. Prior to his failure to appear at both depositions, Plaintiff had served Defendants with a motion for protective order which asked the Court to intervene and prohibit any allegedly untimely and unqualified discovery practices. *See* Dkt. Nos. 69, 75. Rule 37 excuses a party's failure to appear for their own deposition when that party "has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Even though Plaintiff's motions both rested on fundamentally flawed interpretations of the case's procedural elements, *see, e.g.*, *supra* Section 3.1, Rule 37(d)(2) is an objective standard and does not require the Court to wade into the merits of the pending motion. Finding Plaintiff's failure to sit

for his depositions excused under Rule 37(d)(2), the Court DENIES Defendant's Motion for Sanction of Dismissal. Dkt. No. 71.

Notwithstanding his previous concerns, Plaintiff must now participate in his own litigation. This includes sitting for a deposition so that Defendants may determine the factual underpinnings of his claims and present full dispositive argument to the Court. Thus, if Defendants still wish to depose Plaintiff, he must sit for an in-person deposition at a mutually agreed-upon date and time to occur within 30 days of this order. The Parties must meet and confer within seven (7) days of this order and notify the Court as to (a) whether Defendants still seek to depose Plaintiff, and if so, (b) the agreed-upon date for Plaintiff's deposition. If Plaintiff fails to appear at his scheduled deposition, Defendants may renew their motion for sanctions.

### 4. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Plaintiff's Motion for Protective Order, Dkt. No. 75, is DENIED.
2. Defendants' Motion for Sanction of Dismissal, Dkt. No. 71, is DENIED.
3. Within seven (7) days of this order, the Parties must meet and confer regarding (a) whether Defendants still seek to depose Plaintiff, and if so, (b) a mutually agreed-upon date for Defendants to conduct Plaintiff's examination. Any deposition must take place within 30 days of this order. Within seven (7) days of this order, the Parties must file with the Court a notice specifying whether the deposition will occur and, if so, by when.

Defense counsel is responsible for starting communications needed to comply with this order and filing the contemplated notice.

4. Within 14 days after conducting Plaintiff's deposition, the Parties may file supplemental briefing regarding Plaintiff's deposition in support of or in opposition to Defendants' Motion for Summary Judgment and Judgment on the Pleadings. *See* Dkt. No. 83. Any such supplemental briefing may not exceed 2,100 words, excluding supplemental declarations or exhibits.

Dated this 26th day of November, 2025.

Jamal N. Whitehead
United States District Judge