UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW MARVIN STEAN, JR,

               Plaintiff,

     v.

BELLINGHAM POLICE
DEPARTMENT; KEVIN BEAN;
DANTE ALEXANDER; ANDREW
WASSEL,

               Defendants.

CASE NO. 2:24-cv-01209-JNW

DISMISSAL ORDER

## 1.  INTRODUCTION

This matter comes before the Court on Defendants' renewed Motion to Dismiss. Dkt. No. 91. Having reviewed the motion, the relevant record, and all supporting materials, the Court GRANTS the Motion and DISMISSES Plaintiff's First Amended Complaint WITH PREJUDICE.

## 2.  BACKGROUND

This case is about a confrontation between Plaintiff Andrew Marvin Stean, Jr. and two Bellingham police officers, Defendants Kevin Bean and Andrew Wassel. Plaintiff alleges the officers approached him while he was outside his apartment

DISMISSAL ORDER - 1

where they "targeted and harassed [him] for over an hour" in violation of various constitutional rights. On August 7, 2024, Plaintiff sued Bean, Wassel, their supervisor Dante Alexander, and the Bellingham Police Department.

Defendants twice attempted to depose Plaintiff with no success. First, Plaintiff failed to appear for his September 4, 2025, deposition, and did not respond to defense counsel's emails on the subject. Dkt. No. 72 ¶¶ 14–15. Defendant then moved to dismiss Plaintiff's claims as a dismissal sanction based on his failure to appear. *See* Dkt. No. 71. While that motion was pending, Defendant again attempted to schedule Plaintiff's deposition for September 25, 2025. Dkt. No. 80 ¶ 4. Again, Plaintiff failed to appear for that deposition or respond to defense counsel's emails on the subject. *Id.* ¶¶ 5–6.

On November 26, 2025, the Court denied Defendants motion for sanctions, but told Plaintiff that he "must now participate in his own litigation," which included "sitting for a deposition so that Defendants may determine the factual underpinnings of his claims and present full dispositive argument to the Court." Dkt. No. 88. The Court set a December 26, 2025, deadline for Defendants to depose Plaintiff, noting that Plaintiff "must sit for an in-person deposition," and that if he "fail[ed] to appear at his scheduled deposition," Defendants could renew their motion for dispositive sanctions. *Id.*

In accordance with the Court's November 26, 2025, order, Defendants attempted to schedule Plaintiff's deposition, but he refused to sit for a deposition until Defendants' discovery was "complete." Dkt. No. 89. Defendants now move for dispositive sanctions based on Plaintiff's failure to sit for his examination.

DISMISSAL ORDER - 2

## 3. DISCUSSION

Rule 37(d)(1)(A) states that a district court may impose sanctions when a party fails to appear for their deposition. Under Federal Rules of Civil Procedure 37, discovery sanctions may include staying the procedure, striking pleadings, or in severe cases, dismissing the action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Dispositive sanctions, such as dismissal, are "authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotations omitted). The court has wide discretion to determine whether and which sanctions are appropriate for a given violation. Fed. R. Civ. P. 37(b)(2)(A).

Plaintiff's outright refusal to engage in the discovery process is a willful violation of his role as a litigant. The Court previously warned Plaintiff that another failure to sit for his scheduled deposition may result in dispositive sanctions. Dkt. No. 88. Despite this warning, Plaintiff refused to appear and then tried to justify his refusal on the basis that Defendants had not yet produced certain discovery. *See, e.g.*, Dkt. No. 90. But Plaintiff's unilateral evaluation of the sufficiency of Defendants' production is not a justifiable excuse for failing to follow a Court order. Indeed, "[c]ompliance with Court orders is not optional." *Ma v. Stripe Inc.*, No. C25-0864-KKE, 2025 WL 2052634, at *2 (W.D. Wash. July 22, 2025). The Court concludes that Plaintiff's behavior was willful, and therefore sanctions are appropriate.

The Court further finds that Plaintiff's third refusal to sit for a deposition shows that his discovery abuses cannot be cured through lesser means than

DISMISSAL ORDER - 3

dispositive sanctions. Defendants have moved for summary judgment despite being unable to test the materiality of Plaintiff's claims, all while operating under the accusation that they—not he—have violated the federal rules governing discovery. *See, e.g.*, Dkt. No. 90. Plaintiff's continued defiance of the discovery rules cannot go unchecked. To that end, the Court concludes that the only proper sanction for Plaintiff's recalcitrance is dismissal of his case. And because Plaintiff has failed to sit for an examination three times—including once when explicitly commanded to do so by the Court—the dismissal will be with prejudice.

## 4.  CONCLUSION

Defendants' renewed motion to dismiss, Dkt. No. 91, is GRANTED. Plaintiffs' First Amended Complaint is DISMISSED WITH PREJUDICE. Defendants' motion for summary judgment and judgment on the pleadings, Dkt. No. 83, is DENIED as MOOT.

Dated this 17th day of February, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 4